UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 10-94-C

BRYCE HOLTON, PLAINTIFF,

V. MEMORANDUM OPINION AND ORDER

UNITED PARCEL SERVICE, INC., and
ED ENNIS, DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of the plaintiff, Bryce Holton, to remand this case to Jefferson Circuit Court. R. 6. For the reasons below, the court will grant the motion.

I.   Background

Holton brought suit in Jefferson Circuit Court on January 25, 2010, against his former employer, United Parcel Service, Inc. ("UPS"), and Ed Ennis, his former supervisor at UPS. The defendants removed this case to federal court on the basis of diversity jurisdiction on February 11, 2010. R. 1. Ennis is a resident of Kentucky. A case is removable, however, only if none of the defendants are citizens of the forum state. 28 U.S.C. § 1441(b).

Despite the fact that Ennis is a citizen of the forum state, the defendants allege that he was fraudulently joined and that removal was therefore appropriate. R. 7. Specifically, they contend that there is no reasonable basis to predict that Kentucky law will impose individual liability on Ennis for race discrimination or

1

defamation. In the complaint, Holton alleged that he was fired on September 25, 2009, and that the stated reason for his termination was dishonesty, "i.e. stealing time." R. 1, Exh. 3, at 2. Holton also alleged that on the same day, a union steward asked Ennis if he knew where the plaintiff had been on Friday, September 25, 2009, and that Ennis responded, "probably at Bob Evans." *Id.* at 3. Holton also alleged that Ennis, while acting in the scope of his employment at UPS, "made and published verbal and written statements which invaded the reputation and good name of [Holton] and injured him in his business and occupation. Namely, [Ennis] accused Plaintiff of dishonesty and stealing from his employer." *Id.* The plaintiff's primary cause of action against Ennis is for defamation.

## II. Analysis

The burden of establishing federal jurisdiction and of demonstrating fraudulent joiner rests with the defendants. *See Alexander v. Elec. Data Sys. Corp.,* 13 F.3d 940, 948-49 (6th Cir. 1993). Based on the facts alleged, the complaint for defamation involved statements by Ennis regarding the "stated reason for termination," which was "dishonesty, i.e. stealing time." *Id.* at 2. The defendants contend that these statements were privileged and cannot form the basis for liability. Although Holton counters that he can make out a claim for defamation against Ennis, he has not addressed the issue of privilege.

In Kentucky, "notices of dismissal for cause which are contemplated by a collective bargaining agreement and which are published by the employer only to

2

those with a legitimate interest in the subject matter may not be made the subject of an action in libel, regardless of whether the allegations of cause are true or false and regardless of the actual motive behind the dismissal." *Louisville and Nashville R.R. Co. V. Marshall,* 586 S.W.2d 274, 282 (Ky. Ct. App. 1979). Although the determination of privilege is a question of law, the court lacks a specific factual basis to determine this issue because the context in which the allegedly defamatory statements were made is not clear based on the face of the complaint. The complaint states that "the stated reason" for his termination constituted defamation, but does not indicate to whom the statement was made or in what form. Moreover, qualified privilege attaches only if it is exercised in a reasonable manner and for a proper purpose; it does not extend to "the publication of irrelevant defamatory matter with no bearing upon the public or private interest which is entitled to protection." *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 797 (Ky. 2004) (quoting *Tucker v. Kilgore*, *Ky*, 338 S.W.2d 112, 115 (Ky. 1964) (citation omitted)).

Fraudulent joinder will not be found unless "it is clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law," and any disputed facts should be resolved in favor of the non-removing party. *Alexander*, 13 F.3d at 949 (citations omitted). Given the factual questions in this case, it would be premature to dismiss Ennis at this stage of the litigation, and, accordingly, remand is appropriate.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that this case is **REMANDED** to Jefferson Circuit Court and this matter is **STRICKEN** from the court's active docket.

Signed on  May 19, 2010

**Jennifer B. Coffman, Judge**
**United States District Court**